**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

CareFirst of Maryland, Inc.
d/b/a CareFirst BlueCross
BlueShield
1501 Clinton Street
Baltimore, Maryland 21224

Plaintiff,

v.

CareFirst Community Health, LLC
626 Potomac Avenue
Hagerstown, Maryland 21740

Defendant.

Civil Action No.

## COMPLAINT

Plaintiff, CareFirst of Maryland, Inc. d/b/a CareFirst BlueCross BlueShield, by and through its attorneys, brings this action against Defendant, CareFirst Community Health, LLC and states as follows:

## THE PARTIES

1. Plaintiff, CareFirst of Maryland, Inc. d/b/a CareFirst BlueCross BlueShield ("CareFirst" or "Plaintiff") is a corporation organized under the laws of the State of Maryland with its principal place of business at 1501 Clinton Street, Baltimore, Maryland 21224.

2. Defendant, CareFirst Community Health, LLC ("CFCH" or "Defendant") is a limited liability company organized under the laws of the State of Maryland, with a principal place of business at 626 Potomac Avenue, Hagerstown, Maryland 21740.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because a federal question exits. *See* Lanham Act, 15 U.S.C. § 1051 *et seq.*

4. This Court also has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1338 and 15 U.S.C. § 1121.

5. This Court has personal jurisdiction over Defendant because Defendant is a Maryland company with a principal place of business in Maryland. On information and belief, Defendant regularly engages in business and derives revenue from services rendered in the State of Maryland.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) because Defendant is subject to personal jurisdiction in this District.

## FACTS

7. CareFirst is the leading administrator of employer-sponsored benefits, and underwriter and provider of health insurance plans, prescription drug plans, dental insurance plans, and vision insurance plans to insureds in the State of Maryland. CareFirst's services include medical care and health and wellness programs providing disease prevention, weight management, tobacco cessation, and diet and exercise plans to its members.

8. CareFirst members include people in the community in need of home health care, prescription monitoring, and related services to the elderly and homebound.

9. CareFirst members, and consumers generally in the region, associate the benefits they receive from CareFirst with the various medical services they receive from third-party practitioners. More than 120 home health care providers in Maryland, the District of Columbia, and Northern Virginia are CareFirst participating providers.

10. CareFirst has used the trademark, CAREFIRST (the "Mark") in a variety of permutations

in connection with insurance underwriting, health insurance services, health care services, and other related services for over 40 years dating back to May 1977. In addition, CareFirst has over 25 registrations for the Mark issued by the U.S. Patent and Trademark Office ("PTO"), including Registration Nos. 1,543,100, 1,546,326, and 3,548,608 for these and other related goods and services. *See* Exhibit A.

11. CareFirst has spent significant time, effort, and expense promoting its services offered under the Mark and achieved significant fame and valuable trademark rights in its Mark during this period. As a result, members and customers have come to recognize CareFirst and its trademarks, including the Mark, as indicating a source of health care insurance and related health care services.

12. CareFirst has never, without a license, given permission for any other company, person, or entity to use the CareFirst name or Mark.

13. Defendant provides in-home health care and support services, health care staffing services, and health care education and training services under the name "CareFirst" and "CareFirst Community Health" based out of a Hagerstown, Maryland location. Defendant does not have CareFirst's authorization or permission to use the CareFirst name or Mark.

14. On January 24, 2026, CareFirst sent a letter Certified Mail to Defendant requesting that it cease using the Mark and choose another name for its business. A copy of that letter is attached hereto as Exhibit B. Return Receipt was received as delivered. Defendant did not respond to the letter.

15. Defendant continues to willfully use the CAREFIRST mark without authorization, in bad faith and in reckless disregard of the rights of CareFirst.

**FIRST CLAIM FOR RELIEF**
**FEDERAL TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1114**

16. The allegations contained in paragraphs 1 through 15 are incorporated herein by reference.

17. This claim is brought under 15 U.S.C. § 1114.

18. CareFirst has continuously and extensively used the Mark in the United States since May 1977 and has obtained registrations for the Mark under U.S. Registration Nos. 1,543,100, 1,546,326, and 3,548,608. *See* Exhibit A. That use began long before Defendant's use of the CAREFIRST mark.

19. By its use of the CAREFIRST mark, Defendant has infringed and continues to infringe CareFirst's trademark rights in violation of Lanham Act § 32, 15 U.S.C. §1114. Defendant's use CAREFIRST for identical services, offered within the very same industry confuses, misleads and deceives members of the public into believing that CareFirst has allowed, sponsored, approved or licensed Defendant to provide competitive products or services, or that Defendant is in some way connected to of affiliated with CareFirst.

20. CareFirst is and will continue to be injured by Defendant's infringing conduct.

**SECOND CLAIM FOR RELIEF**
**FEDERAL UNFAIR COMPETITION**
**15 U.S.C. § 1125(a)**

21. The allegations contained in paragraphs 1 through 20 are hereby incorporated herein by reference.

22. This claim is brought under 15 U.S.C. §1125(a).

23. CareFirst has continuously and extensively used the Mark since May 1977 in the United States and has common law and federally-registered rights in the Mark. *See* Exhibit A. That use began long before Defendant's use of the CAREFIRST mark.

24. By its use of the CAREFIRST mark, Defendant has competed unfairly and has infringed, and continues to infringe CareFirst's trademark rights in violation of the Lanham Act § 43(a), 15 U.S.C., §1125(a). Defendants use of the CAREFIRST mark for identical services, offered within the very same industry confuses, misleads and deceives customers into believing that CareFirst has allowed, sponsored, approved, or licensed Defendant to provide competing services, or that Defendant is in some way connected to or affiliated with CareFirst.

25. CareFirst is and will continue to be injured by Defendant trading on the reputation and goodwill of CareFirst's products and services in the health care industry.

**THIRD CLAIM FOR RELIEF**
**TRADEMARK DILUTION**
**15 U.S.C. § 1125(c)**

26. The allegations contained in paragraphs 1 through 25 are hereby incorporated herein by reference.

27. This claim is brought under 15 U.S.C. §1125(c).

28. CareFirst has continuously and extensively used the Mark in the United States since May 1977. CareFirst has spent significant time, effort, and expense promoting its services offered under the Mark and achieved significant fame and valuable trademark rights in its Mark during this period. As a result, the Mark is widely recognized by the consuming public as a designation of source of health care insurance and related health care services of CareFirst.

29. Defendant's use of the CAREFRIST mark in connection with its services impairs the distinctiveness of the CAREFIRST mark, causing dilution of the Mark and injury to CareFirst.

**FOURTH CLAIM FOR RELIEF**
**COMMON LAW TRADEMARK INFRINGEMENT AND**
**UNFAIR COMPETITION**

30. The allegations contained in paragraphs 1 through 29 are hereby incorporated herein by

reference.

31. CareFirst has continuously and extensively used the Mark in the United States since May 1977, and thus owns common law rights in the Mark.

32. Plaintiff has continuously and extensively used the Mark since long before the marketing and offer of services under the CAREFIRST mark by Defendant.

33. Defendant's acts constitute common law trademark infringement and unfair competition and have caused and will continue to cause confusion and injury to CareFirst.

**MARYLAND DECEPTIVE TRADE PRACTICE**
**MD. CODE ANN., COM. LAW § 13-303 *et seq.***

34. The allegations contained in paragraphs 1 through 33 are hereby incorporated herein by reference.

35. The claim is brought under the Maryland Consumer Protection Act, Unfair or Deceptive Trade Practices. Md. Code Ann., Com. Law § 13-301 *et seq.*

36. Defendant's use of CAREFIRST has and will continue to cause confusion as to the source or origin of Defendants' goods or services.

37. Defendant's use of the CAREFIRST mark will continue to cause confusion or misunderstanding as to the affiliation, connection, association with, or endorsement by CareFirst.

38. Defendant's use of the CAREFIRST mark constitutes a violation of the Maryland Consumer Protection Act, Unfair or Deceptive Trade Practices; Section 13-301 and has caused and/or will cause CareFirst substantial money damage, loss, injury, in an amount determined at a trial of this action.

**DEMAND FOR JURY TRIAL**

Plaintiff, CareFirst of Maryland, Inc. d/b/a CareFirst BlueCross BlueShield requests a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CareFirst of Maryland, Inc. d/b/a CareFirst BlueCross BlueShield respectfully prays for the following relief against Defendant, CareFirst Community Health, LLC., as follows:

A. Defendant be ordered to account to CareFirst for Defendant's gains, profits, and advantages arising from their acts of infringement and unfair competition, which damages shall be trebled pursuant to 15 U.S.C. § 1117(b);

B. Defendant pay damages to compensate CareFirst for Defendant's infringement of the CareFirst Mark, including Defendant's profits, any damages sustained by CareFirst and any costs associated with bringing and maintaining this action as provided in 15 U.S.C. § 1117;

C. Defendant pay damages to CareFirst arising from their actions in violation of the Maryland Deceptive Trade Practice Act;

D. Defendant pay actual damages in an amount determined at trial;

E. Defendant be ordered to account to CareFirst for Defendant's gains, profits, and advantages for any actual damages sustained by CareFirst arising from the foregoing acts of trademark infringement, trade dress infringement, false advertising, and unfair competition; that Defendant, and Defendant's agents, employees, and all other persons, firms, or corporations acting or claiming to act on its behalf, or in concert with it, be restrained, enjoined and prohibited from use the CareFirst Mark or any name or logo substantially similar to the CareFirst Mark, either alone or in combination with other words or symbols, as part of any trademark, service mark, trade name, corporate name, or in any other manner

associated with any business products and services related to Defendant's business, or the products or services Defendant sell or otherwise provide in the United States.

F. An order preliminarily and permanently enjoining and restraining Defendant and any party in active concert and participation with Defendant from any and all conduct that violates the applicable laws;

G. An award of reasonable attorneys' fees and costs incurred by CareFirst as provided under 15 U.S.C. § 1117; and

H. An order directing any other relief that the Court may deem just in law and equity.

Dated: August 27, 2026 Respectfully submitted,

/s/ Julie Hopkins
Julie A. Hopkins (Bar No. 28025)
HOPKINS IP, LLC
6 E. Eager Street
Baltimore, MD 21202
Telephone: (410) 696-3306
E-mail: jhopkins@hopkins-ip.com

/s/ Sean Griffin
Sean C. Griffin (Bar No. 06241)
LONGMAN & VANGRACK LLC
10411 Motor City Drive
Suite 750 #6E
Bethesda, Maryland, 20817
Telephone: (202) 978-3288
E-mail: sean@lvglawfirm.com

***Attorneys for Plaintiff***
***CareFirst of Maryland, Inc. d/b/a***
***CareFirst BlueCross BlueShield***